UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LORENZO M. BARNETT**                                                                                **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 5:25-CV-P55-JHM**

**CHRISTIAN COUNTY JAIL** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Lorenzo M. Barnett filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the amended complaint (DN 14)[1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff is a convicted inmate at the Christian County Jail (CCJ). He sues CCJ; Jailer Adam Smith; Deputy Jailer Jayden Ralston; and Felica Armstrong, a healthcare practitioner. He sues Smith, Ralston, and Armstrong in their individual and official capacities.

Plaintiff describes an incident which occurred in February 2025 where Ralston was dispensing insulin shots to inmates. He states as follows:

> Although there is a log book that states every diabetics name, the unit amount and name of the insulin type each are prescribed and appropriate amounts of "R"/(sliding scale), depending on if your blood sugar is high or not. Jailer Ralston [] still asked each diabetic what type of insulin we take, instead of just following the medical log. I witnessed this happen to Victor McClary and Brent Castile before my turn in line. . . . My blood sugar was 254, so I was supposed to receive 25 units of Lantus and 4 units of "R." Luckily I was watching Jailer Ralston []. He administered 25 units of R and 4 units of Lantus into 1 syringe. These amounts were backwards, based on my medical diagnosis . . . . You are not supposed to mix 2 different insulin in 1 syringe either and Jailer Ralston did this. I pointed this out to him. He then grabbed . . . the vile of insulin. Jailer Ralston was doing this to try to correct the amounts of Lantus and "R" that I was suppose to receive. He should have just thrown this away and readministered the amounts of insulin! I once again, stopped him and said to him that you can not shoot insulin back into a vile, after it had been missed. Jailer Ralston then said, "If you do not want your damn shot, go

---

[1] By prior Order, the Court directed Plaintiff to file a superseding amended complaint (DN 11).

on then." I refused the shot all together after this because he obviously had not been appropriately trained and he is not a licensed medical professional, he is a deputy jailer.

Plaintiff states that he informed jail staff that he did not receive his insulin shot but went all day without a shot with his blood sugar at 254 or higher. He asserts that he had been receiving treatment for a puncture wound on his foot which made it more dangerous. He states that if he had not been watching Ralston prepare the insulin vial it would have been life threatening.

Plaintiff reports that three days later he went to the medical unit and told the head nurse about the incident with the insulin shot. He maintains that the head nurse "immediately called someone in the front office and asked if they heard of a deputy messing up at the blood sugar check" and that "whom ever she spoke with, said yes that all of the insulin viles, 'Lantus R, 70/30, Humalog' had all been disposed of and restocked. Due to the incident with me." He continues, "There were still other diabetics in line that morning and most likely received contaminated insulin, that was mixed. The viles were not disposed of, until after blood sugar check was over. These events show neglect and malpractice."

Plaintiff states that he filed a grievance about the incident but that it was denied. He reports that he did not have access to the jail policy and procedure because the legal kiosk was down in his cell and when he asked for the policy and procedure, the jail would not provide it. He asserts that this denied him "access to legal services" and due process. Plaintiff also states that Defendants violated Kentucky administrative regulations by allowing Ralston to administer insulin shots without being properly trained to do so. He states that he heard another officer state that he "had to stay over for a training class for deputy jailers. Done by medical staff on these diabetic administering issues. This shows there had not been a class previously!"

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *§ 1983 claims*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. *Ralston*

To establish a § 1983 claim premised on inadequate medical care in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Such a claim has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 837-47).

For the purposes of initial review, the Court concludes that Plaintiff's need for insulin

meets the objective requirement for stating a sufficiently serious medical need. However, the Court finds that the amended complaint does not meet the subjective component. Plaintiff alleges that Ralston mis-administered his insulin on one occasion and specifically claims that the "events show neglect and malpractice." Plaintiff does not allege that Ralston acted intentionally or recklessly. The Court finds that Plaintiff alleges no more than negligence on the part of Ralston and does not state a violation of the Eighth Amendment. *See Maxieson v. Thrasher*, 4:23-CV-P59-JHM, 2023 U.S. Dist. LEXIS 196863, at *12 (W.D. Ky. Nov. 2, 2023) (dismissing claim by pretrial detainee who alleged "an accidental mix up of her insulin on two occasions" finding that "[n]othing in the complaint or amendments suggests that [Defendants'] actions were deliberate or reckless rather than an oversight due to negligence"); *Cameron v. Kentucky*, 4:18-CV-P72-JHM, 2018 U.S. Dist. LEXIS 204662, at *9 (W.D. Ky. Dec. 4, 2018) (dismissing Eighth Amendment claim based on receiving expired insulin finding that the plaintiff "[did] not allege that any Defendant intentionally dispensed expired medication to him" or that "the mistake resulted from anything other than lack of ordinary care or inadvertence"). Therefore, Plaintiff's claim against Ralston in his individual and official[2] capacities will be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Smith and Armstrong*

As to Plaintiff's claims against Smith and Armstrong regarding the mis-administration of his insulin, he makes no allegation that either was personally involved in the incident. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729

---

[2] An official-capacity claim cannot be stated without a showing of a constitutional violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

F.2d 416, 421 (6th Cir. 1984). Plaintiff alleges that Smith and Armstrong should be held liable based on their failure to train Ralston. However, without evidence of personal involvement in the alleged underlying misconduct, a defendant cannot be individually liable based on his failure to train or supervise. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646-48 (6th Cir. 2012). The Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees . . . 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (citation omitted). As such, the failure-to-train claims are construed as brought against Smith and Armstrong in their official capacities. Official-capacity claims are actually brought against a defendant's employer, in this case Christian County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

For a failure-to-train claim, a plaintiff must allege: "(1) a clear and persistent pattern of illegal activity; (2) which the municipality knew of or should have known about; (3) yet remained deliberately indifferent about; and (4) that the municipality's custom was the cause of the deprivation of the plaintiff's constitutional rights." *Sawyer v. Boone Cnty.*, No. 2:22-cv-00071-GFVT, 2024 U.S. Dist. LEXIS 211989, at *24-25 (E.D. Ky. Nov. 21, 2024) (citing *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016)). Thus, the municipality or county must be aware of past instances of unconstitutional conduct by its employees and recklessly disregarded them. *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017); *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A pattern of similar constitutional violations by untrained employees was necessary to demonstrate deliberate indifference for purposes of failure to train."). Plaintiff alleges one occurrence of CCJ personnel mis-administering insulin to inmates. He does not allege past instances of mis-administration of insulin or that the county was aware of them and

was deliberately indifferent to them. In fact, he alleges in the amended complaint that when CCJ personnel became aware of the incident, they disposed of the contaminated insulin and required a training of employees on administering insulin. Therefore, Plaintiff's claims based on failure to train are dismissed against Smith and Armstrong in their individual and official capacities for failure to state a claim upon which relief may be granted.

Plaintiff also alleges denial of access to legal services, which the Court construes as a claim for denial of access to courts. In order to state this claim, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). Plaintiff alleges no actual injury in the amended complaint, and his ability to file this lawsuit was not prevented. Therefore, Plaintiff's claims based on denial of access to courts are also dismissed against Smith and Armstrong in their individual and official capacities for failure to state a claim.

Plaintiff also alleges Smith and Armstrong failed to comply with jail policies and Kentucky administrative regulations. However, failure to comply with jail polices or state administrative regulations does not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Therefore, these claims will also be dismissed against Smith and Armstrong in their individual and official capacities for failure to state a claim.

To the extent Plaintiff is also alleging claims against Smith or Armstrong based on the denial of his grievances, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Consequently, "a plaintiff cannot premise a § 1983 claim on allegations that a jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place." *Olivier v. City of Clarksville*, No. 3:16-CV-03306, 2017 U.S. Dist. LEXIS 24779, at *7-8 (M.D. Tenn. Feb. 21, 2017). The Court, therefore, will dismiss Plaintiff's claims based on the denial of his grievances against Smith and Armstrong in their individual and official capacities for failure to state a claim, as well.

### B. State-law claims

Plaintiff also alleges negligence and malpractice against Defendants. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

### IV. CONCLUSION

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: August 21, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.010

8